8 F.3d 71
 303 U.S.App.D.C. 418
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Jerome GLENN, Appellant.
 No. 92-3039.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 27, 1993.
 
 Before: WALD, EDWARDS and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal of the defendant from the judgment of the District Court, and it was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying Memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED, by the Court, that this case be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely-filed petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Police arrested Jerome Lorenzo Glenn and two other men on April 23, 1991 after the lawful search of Glenn's mother's apartment revealed significant evidence of a narcotics operation. Searching officers found Glenn in the bathroom with 2.29 grams of cocaine base at his feet. The other men were engaged in evasive behavior in various rooms of the apartment. The search yielded handguns, a bullet-proof vest, ammunition, a triple-beam scale, and over thirty grams of cocaine base. The bulk of the cocaine and a handgun were found in a bedroom that contained many of Glenn's personal effects, including several items of mail addressed to Glenn at the apartment and photographs of Glenn brandishing a firearm similar to that found under the bed. Glenn was charged with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1988), carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (1988), and unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (1988). The jury convicted Glenn on the possession count, but was unable to reach a verdict on the firearms counts, which were subsequently dismissed by the government. The trial judge sentenced Glenn to 151 months in prison, determining pursuant to § 841(b)(1)(B)(iii) that Glenn possessed five grams or more of cocaine base and raising the sentence two levels to account for the presence of a firearm.
 
 
 5
 On appeal, Glenn argues that the evidence before the jury connecting him to five grams or more of cocaine base was insufficient to support his conviction. For purposes of this proceeding, Glenn does not challenge the sufficiency of evidence tying him to the 2.29 grams of cocaine base found at his feet. In light of this concession, we find Glenn's claim to be precluded by several recent cases in this Circuit. In United States v. Lam Kwong-Wah, 966 F.2d 682, 685 (D.C.Cir.), cert. denied, 113 S.Ct. 287 (1992), and United States v. Patrick, 959 F.2d 991, 996 n. 5 (D.C.Cir.1992), this court joined a clear majority of other circuits in holding that the quantity of drugs involved in a crime is not a basic element of the offense under § 841, but is rather a sentencing factor to be determined by the judge under a preponderance standard. All that is required for conviction under § 841 is possession of a "detectable amount," which Glenn does not contest in this appeal. See United States v. Allen, 960 F.2d 1055, 1058 (D.C.Cir.) (per curiam), cert. denied, 113 S.Ct. 231 (1992). Because this court has squarely rejected the argument that the jury must find the quantity of drugs charged beyond a reasonable doubt for a violation of § 841, Glenn's conviction withstands our scrutiny.[1]
 
 
 6
 Glenn also challenges the sufficiency of the evidence for increasing his sentence by two levels pursuant to Sentencing Guideline 2D1.1(b)(1) for possession of a firearm. Specifically, Glenn argues that the judge improperly relied on the uncorroborated testimony of an out-of-court informant that a man named "Rome," who sold drugs from the same apartment, did so while in possession of a firearm. Although Glenn did not object to the use of such hearsay testimony below, we address his argument to the extent that it calls into question the quantum of evidence considered by the district court in conferring the two-level enhancement for possession of a gun during the commission of the crime.
 
 
 7
 This court accords substantial deference to the sentencing court's conclusions and will reverse only if it is "left with a definite and firm conviction" that the factfinder is mistaken. Lam Kwong-Wah, 966 F.2d at 689 (citing United States v. Jones, 948 F.2d 732 (D.C.Cir.1991)). Although Glenn urges that the district court relied mainly on the unsupported assertion of a confidential informant, the court's interchange with defense counsel below reveals that the court considered various additional evidence before concluding that Glenn possessed the firearm. As the sentencing judge observed, "the fact that he was seen with the gun, the gun was--pictures of him displaying the weapon were seized, the gun fully loaded was taken from underneath the mattress in his bedroom where 27 grams of cocaine base were--I think all of that justifies the inclusion of the gun." Sentencing Trans. at 4. Because the sentencing court cited ample additional evidence in support of its finding, we reject Glenn's contention that the court relied principally on the "uncorroborated" testimony of the out-of-court informant. We therefore uphold the sentencing court's decision to increase Glenn's sentence by two levels.[2]
 
 
 
 [1]
 Glenn understandably does not challenge the district court's conclusion at sentencing that he possessed over five grams of cocaine. There was ample evidence for the court to find that Glenn exercised substantial control over the apartment, that Glenn's co-defendants visited the apartment expecting to find him there, that Glenn was about to engage in evasive behavior, and that tools of the narcotics trade such as the triple beam scale were in plain view. In light of the "substantial deference" we accord factual findings of the district court on sentencing matters, we would be unlikely to upset its conclusions in this regard
 
 
 [2]
 Glenn does not appear to make on appeal the argument he presented to the district court on sentencing, that since he was not convicted of the firearms charge, it should not be considered for sentencing purposes. This argument would surely fail after United States v. Boney, 977 F.2d 624 (D.C.Cir.1992). In Boney, the defendant contended that the sentencing court could not consider evidence of conduct of which he had been acquitted. This court observed that the defendant's argument was "based on the false assumption that [an] acquittal is equivalent to a finding of complete innocence," and held that "[c]onduct underlying the acquittal may be used in sentencing as long as it is proved by a standard that satisfied due process"--a preponderance of the evidence. Id. at 636